IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| JOEL BLATT,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>) No. 5 CV 2699<br>)<br>) Wayne R. Andersen<br>) District Judge<br>)<br>) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the Petition of Joel Blatt to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Blatt's claims are either meritless or barred by the limitations period set forth in § 2255. Blatt argues that he was provided ineffective assistance of counsel and the Department of Justice's decision to eliminate the boot camp program, to which he was assigned, was unconstitutional. Blatt's ineffective assistance of counsel claims are time-barred. Blatt's argument concerning boot camp is timely, but fails.

## PROCEDURAL HISTORY

Joel Blatt was charged in a two count indictment of defrauding multiple financial institutions and Skokie Central Traditional Congregation, where he served as treasurer. Count I, mail fraud, in violation of 18 U.S.C. § 1341, arose from Blatt's embezzlement of $350,651.68 from the checking account of Skokie Central Traditional Congregation. Blatt's embezzlement of the $350,651.68 included forging signatures on checks made out to his wife, forging his wife's endorsement on those checks, establishing a $100,000 line of credit for Skokie Central Traditional Congregation, which

was secured by its property and subject to a promissory note charging 9% on all outstanding amounts owed, and drawing down the entire $100,000 credit line through forged checks. When Blatt's conduct was uncovered, his criminal conduct continued. Count II, bank fraud, in violation of 18 U.S.C. § 1344, involved a check kite beginning after Blatt was confronted with the evidence against him for the activity charged in Count I. The check kite consisted of Blatt inflating the balance of Skokie Central Traditional Congregation's checking account by depositing checks from his own account, which he knew did not have sufficient funds to cover the checks, and then withdrawing money from the improperly inflated Skokie Central Traditional Congregation account by writing checks to his own account. This check kite included over six thousand transactions, totaling in excess of $45 million. Through this check kite, Blatt netted approximately $466,000. On March 7, 2002 Joel Blatt pled guilty without a plea agreement to Count I and Count II.

On November 1, 2002 Blatt was sentenced to a total term of sixty months imprisonment on Count I and Count II to run concurrently to each other. (Amended Judgment pg 2). The judgment was originally entered on December 17, 2002, however, an amended judgment was entered on January 23, 2003. (Amended Judgment pg 1). In the amended judgment this court recommended that Blatt be considered for the Intensive Confinement Program (Boot Camp) when he became eligible. (Amended Judgment pg 4).

## DISCUSSION

### I. Blatt's Ineffective Assistance of Counsel Claims are Time-Barred

As part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255, a one-year limitation was added for petitioners pursuing collateral relief under 28 U.S.C. § 2255. *Nolan v. U.S.*, 358 F.3d 480, 483 (7th Cir. 2004). Under 28 U.S.C. § 2255, a petitioner must file his

2

petition within one year from the latest of four events: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or the laws of the United States is removed, if movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Blatt's ineffective assistance of counsel claims concerning sentencing began to run on, "the date on which the judgment of a conviction becomes final." 28 U.S.C. § 2255. Blatt's conviction became final after he failed to appeal within the ten-day period after the judgment was entered. *See* Fed.R.App.P. 4(b)(1)(A)(i). In this case the original judgment was entered on December 17, 2002 and an amended judgment was entered on January 23, 2003. Giving Blatt the benefit of the doubt, his conviction became final February 2, 2003, ten days after the amended judgment was entered. The one-year statute of limitations for filing a § 2255 petition expired on February 2, 2004. Blatt filed the instant petition on May 5, 2005, more than one year after the statute of limitations expired.

The one-year statute of limitations in § 2255 is procedural rather than jurisdictional, and thus, the limitations period may be equitably tolled. *Nolan v. U.S.*, 358 F.3d 480, 483 (7th Cir. 2004). However, "[e]quitable tolling is granted sparingly, where extraordinary circumstances beyond the litigant's control prevented timely filing." *Robinson v. U.S.*, 416 F.3d 645, 650-51 FN1 (7th Cir. 2005).

3

Although Blatt dedicates significant effort in his reply memorandum to this issue, his only argument addressing why he was unable to timely file his § 2255 petition is that he was provided ineffective assistance of counsel, and thus, he did not know of the one-year time limit. However, "attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client and this is not a circumstance beyond petitioner's control that might excuse an untimely petition." *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005) (internal quotations and citations omitted). In fact, even if Blatt's attorney directly misled him by inaccurately telling him a timely habeas petition was filed, that would not excuse the limitations period set forth in § 2255. *See, e.g., Madrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003). Accordingly, this Court finds Blatt's assertions that he was never informed of the relevant limitations period do not constitute the extraordinary circumstances that would allow for equitable tolling.

## II. Blatt's Boot Camp Argument Fails

Blatt's final argument is that his sentence should be reduced because the Bureau of Prisons (BOP) eliminated the boot camp program which may have allowed Blatt an earlier release. On January 5, 2005 the BOP eliminated the boot camp program, and although Blatt's sentence recommended that he be included in the boot camp program, he was denied the opportunity. Since the factual predicate for this argument occurred within one year of the filing of this case, it is not time barred.

Section 2255 allows prisoners to petition the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or its otherwise subject to collateral attack." 28 U.S.C. § 2255. The

4

BOP's decision to eliminate the boot camp may change the manner in which Blatt will serve his sentence. However, it does not affect the lawfulness of his sentence. *See United States v. Addonizio,* 442 U.S. 178, 187, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (holding that subsequent decision by the U.S. Parole Commission that allegedly extended a defendant's prison term did not establish a basis of collateral attack under § 2255). For that reason, this Court has already denied a similar challenge to the BOP's alleged policy change. *See, e.g., U.S. v. Wiggins,* 2005 WL 3216754 1, 3 (Nov. 23 2005). The BOP's actions do not undermine the legality of the sentence Blatt is serving. His petition is denied.

## CONCLUSION

For the reasons stated above, petitioner's motion to vacate or set aside his sentence is denied. It is so ordered.

Wayne R. Andersen
United States District Court

Dated: June 1, 2006